Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
Jennifer R. Hargis, Esq.
Nevada Bar No. 11392
Brian A. Neighbarger, Esq.
Nevada Bar No. 11225
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, NV 89169
Telephone (702) 784-5200
Email: calexander@swlaw.com
       jhargis@swlaw.com
       bneighbarger@swlaw.com

*Attorneys for Defendant Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto Finance, LLC, sued here as Wells Fargo Auto Finance, LLC*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY P. HARRIS, Pro Se,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO AUTO FINANCE, LLC,<br><br>Defendant. | CASE NO. 2:11-cv-00388-JMC-PAL<br><br>**DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTTED IN COMPLIANCE WITH LR 26-1 (e)** |

1.  <u>Meeting.</u>   Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a), a meeting was held on May 24, 2011, and was attended by Plaintiff Timothy P. Harris, and Brian A. Neighbarger, Esq. for Defendant Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto Finance, LLC, sued here as Wells Fargo Auto Finance, LLC ("Wells Fargo").

2.  <u>Discovery Plan.</u> The parties jointly propose to the Court the following discovery plan:

    (a)   <u>Subject of Discovery.</u> Discovery will be needed on the following subjects: All claims set forth in the original Complaint, as well as the defenses relevant to the action.

    (b)   <u>Discovery Cut-Off Dates.</u> Discovery will take 180 days, measured from April 4, 2011. The discovery cut-off date, therefore, will be **October 3, 2011.**

13161081.1

(c) <u>Fed. R. Civ. P. 26(a)(2) Disclosures (Experts).</u> Disclosure of experts shall proceed according to Fed. R. Civ. P. 26(a)(2) except that:

(1) The disclosure of experts and expert reports shall occur on **August 2, 2011**, which is 60 days before the discovery cut-off date;

and

(2) The disclosure of rebuttal experts and their reports shall occur on **September 1, 2011**, which is 30 days before the discovery cut-off date.

3. <u>Other items.</u>

(a) <u>Initial Disclosure.</u> The parties have until **14 days** after the LR 26-1(d) and Fed. R. Civ. P. 26(f) meeting to serve their initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), on all parties.

(b) <u>Amending the Pleadings and Adding Parties.</u> The parties have until **July 5, 2011**, to file any motion to amend the pleadings or to add parties. This is 90 days before the discovery cut-off date and does not exceed the outside limit LR 26-1(e)(2) presumptively sets for ninety (90) days before the discovery cut-off date of filing such motions.

(b) <u>Interim Status Report.</u> The parties shall file the interim status report required by LR 26-3 by **August 2, 2011**. The undersigned counsel certifies that they have read LR 26-3 and that this date is not later than sixty (60) days before the discovery cut-off date.

(c) <u>Dispositive Motions.</u> The parties shall have until **October 31, 2011**, to file dispositive motions. This is thirty (30) days after the discovery cut-off date and does not exceed the outside limit of thirty (30) days following the discovery cut-off date that LR 26-1(e)(4) presumptively sets for filing dispositive motions.

(d) <u>Settlement.</u> Settlement was discussed, and all parties will continue to discuss possible resolution to this matter.

(e) <u>Pretrial Order.</u> The pretrial order shall be filed by **November 30, 2011**, which is not more than thirty (30) days after the date set for filing dispositive motions in the case. This case is suspended if the dispositive motions are timely filed. The disclosures required by FRCP 26(a)(3) shall be made in the joint pretrial order.

13161081.1

- 2 -

  (f) <u>Court Conference.</u>  The parties do not request a conference with the Court before entry of the scheduling order.

  (g) <u>Later Appearing Parties.</u>  A copy of this discovery plan and scheduling order shall be served on any person served after it is entered, or, if an additional defendant should appear, within five (5) days of their first appearance.  This discovery plan and scheduling order shall apply to such later-appearing parties, unless the Court, on motion and for good cause shown orders otherwise.

  (h) <u>Extension or Modification of the Discovery Plan and Scheduling Order.</u>  LR 26-4 governs modifications or extensions of this discovery plan and scheduling order.  Any stipulation or motion must be made not later than twenty-one (21) days before the discovery cut-off date and comply fully with LR 26-4.

  (i) <u>Time for Noticing Depositions of Defendants' Employees.</u>  Defendants request 60 days notice of a deposition of any employee.

  (j) <u>Inadvertent Disclosure of Privileged or Confidential Items.</u>

  1. In the event that any Party (the "Discloser") produces material or documents without intending to waive a claim of privilege or confidentiality, the Discloser does not waive any claim of privilege or confidentiality if, within a reasonable amount of time after the Discloser actually discovers that such material or documents were produced, the Discloser notifies all other Parties (the "Recipient(s)") of the inadvertent disclosure of privileged or confidential items, identifying the material or documents produced and stating the privilege or confidentiality provision asserted.  Mere failure to diligently screen documents before producing them does not waive a claim of privilege or confidentiality.

  2. If the Discloser asserts that it inadvertently produced privileged or confidential items in accordance with this Claw Back Agreement, the Recipient(s) must return the specified material or documents and any copies within ten days of the notification. The Recipient(s) must further permanently destroy any electronic copies of such specified material or documents and affirm in writing to counsel for the Discloser of such destruction.

13161081.1

- 3 -

3. In the event that the Recipient(s) contends the documents are not subject to privilege or confidentiality as asserted by the Discloser in accordance with this Claw Back Agreement, the Recipient(s) may, following the return and destruction described in Paragraph 2 of this Agreement, challenge the privilege claim through a Motion to Compel or other pleading with the District Court in which the Litigation is currently pending. The Parties agree that any review of items by the judge shall be an *in camera* review.

4. Should the Recipient(s) not challenge the Discloser's claim of privilege or confidentiality, or should the presiding judge determine that the documents are in fact subject to privilege or confidentiality, the documents, or information contained therein or derived therefrom, may not be used in the Litigation or against the Discloser in any future litigation or arbitration brought by the Recipient(s).

5. Nothing contained within this Claw Back Agreement shall be deemed to waive any objection that any Party may wish to assert under applicable state or federal law.

DATED: May 31, 2011

PLAINTIFF PRO SE

By: _____
Timothy P. Harris
4005 Cherokee Rose Ave.
North Las Vegas, Nevada 89031

DATED: May 31, 2011

SNELL & WILMER L.L.P.

By: _____
Cynthia L. Alexander, Esq.
Jennifer R. Hargis, Esq.
Brian A. Neighbarger, Esq.
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, NV 89169

*Attorneys for Defendant Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto Finance, LLC, sued here as Wells Fargo Auto Finance, LLC*

13161081.1

<mark>ORDER</mark>

**ORDER**

IT IS SO ORDERED.

1. Discovery will take 180 days, measured from April 4, 2011. The discovery cut-off date, therefore, will be **October 3, 2011**.

2. The disclosure of experts and expert reports shall occur on **August 2, 2011**, which is 60 days before the discovery cut-off date.

3. The disclosure of rebuttal experts and their reports shall occur on **September 1, 2011**, which is 30 days before the discovery cut-off date.

4. Amending the Pleadings and Adding Parties. The parties shall have until **July 5, 2011**, to file any motions to amend the pleadings or to add parties. This is 90 days before the discovery cut-off date for filing such motions.

5. Interim Status Report. The parties shall file the interim status report required by LR 26-3 by **August 2, 2011**. The undersigned parties certify that they have read LR 26-3 and that this date is not later than sixty (60) days before the discovery cut-off date.

6. Dispositive Motions. The parties shall have until **October 31, 2011**, to file dispositive motions. This is 30 days after the discovery cut-off date and does not exceed the outside limit of thirty (30) days following the discovery cut-off date that LR 26-1(e)(4) presumptively sets for filing dispositive motions.

7. Pretrial Order. The pretrial order shall be filed by **November 30, 2011**, which is not more than thirty (30) days after the date set for filing dispositive motions in this case. This deadline is suspended if a dispositive motion is timely filed. The disclosure required by Fed. R. Civ. P. 26(a)(3) shall be made in the joint pretrial order.

Dated this 31st day of May, 2011.

UNITED STATES MAGISTRATE JUDGE

13161081.1

- 5 -