# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TIMOTHY HARRIS,

      Plaintiff,

v.

WELLS FARGO AUTO FINANCE, LLC,

      Defendant.

2:11-CV-388 JCM (PAL)

**ORDER**

Presently before the court are two motions for summary judgment. *Pro se* plaintiff Timothy Harris filed a motion for summary judgment. (Doc. #12). Defendant Wells Fargo Auto Finance, LLC filed an opposition. (Doc. #18). Plaintiff then filed a reply. (Doc. #25). After plaintiff filed his motion for summary judgment, defendant filed its own motion for summary judgment. (Doc. #20). Plaintiff filed an opposition. (Doc. #24). Defendant then filed a reply. (Doc. #29).

This case arises out of a dispute over plaintiff's credit reports. Plaintiff alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* (Doc. #1). In June 2010, plaintiff sent a letter to defendant disputing information in his credit reports. (Doc. #1). In the current lawsuit, plaintiff asserts: (1) defendant failed to conduct the required investigation, and (2) defendant failed to report the dispute. (Doc. #1).

Plaintiff cites broadly to 15 U.S.C. § 1681s-2 as the basis for his claims. Interpreting plaintiff's *pro se* pleadings liberally, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the

**James C. Mahan**
**U.S. District Judge**

1  court finds that plaintiff's failure to investigate claim properly arises under § 1681s-2(b) and
2  plaintiff's failure to report claim arises under § 1681s-2(a).

## Legal Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56©; *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assn.*, 809 F.2d 626, 630 (9th Cir.1987). The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec.*, 475 U.S. at 586; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp.v. Catrett*, 477 U.S. 317, 323 (1986); *see also Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (expressing the standard for authentication of evidence on a motion for summary judgment). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324; FED. R. CIV. P. 56©.

**I.   Count one: failure to investigate**

Pursuant to 15 U.S.C. § 1681s-2(b), once a furnisher of information receives notice of a dispute from a credit reporting agency, the furnisher is required to "conduct an investigation with respect to the disputed information." The "pertinent question" in analyzing the adequacy of the furnisher's investigation, is "whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009). Plaintiff bears the burden of showing that the investigation was unreasonable. *Chiang v. Verizon New England Inc.*,

**James C. Mahan
U.S. District Judge**

1   595 F.3d 26, 37 (1st Cir. 2010).

2       Here, plaintiff offers nothing more than a bare allegation that defendant failed to conduct an
3   investigation. Plaintiff does not offer any evidence to support this assertion. In contrast, defendant
4   has submitted the affidavit of Lori Mortensen, the operational risk consultant in defendant's auto
5   finance division. (Doc. #27, Ex. C). Ms. Mortensen states that, upon receipt of an automated
6   consumer dispute verification request, defendant "investigated [plaintiff's] account status, payment
7   history profile, and payment rating." (Doc. #27, Ex. C). Further, defendant sent notice to the credit
8   reporting agencies, through an automated universal data record, that plaintiff disputed the account.
9   (Doc. #27, Exs. C and 5).

10      Defendant has met its burden of "informing the court of the basis for its motion, together with
11  evidence demonstrating the absence of any genuine issue of material fact." *Celotex Corp.*, 477 U.S.
12  at 323. Plaintiff's unsupported allegations fail to present "specific facts showing that there is a
13  genuine issue for trial." *Id.* at 324. Further, plaintiff has wholly failed to demonstrate "by affidavits,
14  depositions, answer to interrogatories, or admissions on file" that there is a genuine dispute of
15  material fact that the investigation was unreasonable. *Id.* Accordingly, it is appropriate to grant
16  defendant's summary judgment motion on this claim.

17  **II.   Count two: failure to report dispute**

18      Pursuant to 15 U.S.C. § 1681s-2(a)(3), "[i]f the completeness or accuracy of any information
19  furnished by any person to any consumer reporting agency is disputed to such person by a consumer,
20  the person may not furnish the information to any consumer reporting agency without notice that
21  such information is disputed by the consumer." Plaintiff alleges a violation of § 1581s-2(a)(3) when
22  he argues that defendant failed to report that the "account is in dispute." (Doc. #1).

23      In *Gorman*, 584 F.3d at 1154, the Ninth Circuit held that § 1681s-2 "limits th[e] private right
24  of action to claims arising under subsection (b)." *Gorman*, 584 F.3d at 1154; *see also* 15 U.S.C. §
25  1681s-2© (stating that "sections 1681n and 1681o [the sections expressly creating a private right of
26  action] do not apply to any violation of . . . subsection (a) of this section"). Therefore, both the plain
27  language of § 1681s-2 and Ninth Circuit case law provide that there is no private right of action for
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

a violation of § 1681s-2(a). Accordingly, plaintiff's second claim must fail.

### III.     Defendant's counterclaim

Defendant has not moved for summary judgment for its counterclaim against plaintiff. Therefore, this issue is not currently before the court.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiff Timothy Harris' motion for summary judgment (doc. #12) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Wells Fargo Auto Finance, LLC's motion for summary judgment (doc. #20) be, and the same hereby is, GRANTED.

DATED December 19, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -