UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY HARRIS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO AUTO FINANCE, LLC,<br><br>　　　　Defendant. | 2:11-CV-388 JCM (PAL) |

**ORDER**

Presently before the court is *pro se* plaintiff Timothy P. Harris' motion to reopen case. (Doc. #41). Defendant Wells Fargo Auto Finance, LLP filed an opposition. (Doc. #42). Plaintiff did not file a reply.

On August 18, 2011, plaintiff filed a motion for summary judgment. (Doc. #12). Defendant filed a counter motion for summary judgment on September 18, 2011. (Doc. #20). This court ruled on these motions on December 19, 2011, by granting defendant's motion for summary judgment and denying plaintiff's motion for summary judgment. (Doc. #39).

Plaintiff now moves to reopen the case, arguing that this court's order granting summary judgment in favor of defendant prevented plaintiff from engaging in full discovery. Plaintiff asserts that the parties had an extended discovery deadline in this case, and the court issued its order before discovery had finished. (Doc. #41). Plaintiff does not plead a specific Federal Rule of Civil Procedure for his motion to reopen.

**James C. Mahan**
**U.S. District Judge**

1  In response, defendant first asserts that plaintiff's motion is properly understood as a motion to reconsider pursuant to Federal Rules of Civil Procedure 59(e) or 60(b). (Doc. #42). Defendant then argues that plaintiff has failed to meet the high burden required in a motion to reconsider. Defendant notes that plaintiff was the first party to move for summary judgment, thereby indicating that plaintiff believed there were no genuine issues of material fact.

Rule 59(e) motions for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). These circumstances are present where "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* Similarly, Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (internal quotations omitted).

Plaintiff has not demonstrated that reconsideration is appropriate under either Rule 59(e) or 60(b). Plaintiff has not shown newly discovered evidence, an intervening change in the law, or that the court committed clear error. FED. R. CIV. P. 59(e). Therefore, plaintiff has failed to show the "highly unusual circumstances" necessary for this court to reconsider its order granting summary judgment pursuant to Rule 59(e). *See Kona Enters., Inc.*, 229 F.3d at 890. Similarly, none of the potential grounds for relief under Rule 60(b) are applicable in this case. *See* FED. R. CIV. P. 60(b).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiff Timothy P. Harris' motion to reopen case (doc. #41) be, and the same hereby is, DENIED.

DATED February 23, 2012.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -